[646 NYS2d 545]

In the Matter of EUGENE J. ADAMS (Admitted as EUGENE ABRAMOWITZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 19, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Brennan, Fabriani & Novenstern,* Mount Kisco *(Timothy J. Brennan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was originally admitted to practice by this

Court on March 25, 1959, under the name Eugene Abramowitz.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained Charges One and Three and noted, with respect to Charge Two, that the "petitioner agreed to withdraw this charge." In fact, contrary to the Special Referee's statement, Charge Two was not withdrawn. Our review of the record indicates that the Grievance Committee only withdrew a portion of Charge Two. The petitioner left intact that portion of the charge which alleged that the respondent's conduct violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). The petitioner has moved to confirm the report of the Special Referee with respect to Charges One and Three and to find the respondent guilty of Charge Two. The respondent has submitted an affirmation in opposition to the petitioner's motion to confirm.

Charge One alleged that the respondent was guilty of engaging in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). On or about August 1, 1989, Phyllis Wallace sustained injuries in an automobile accident. She initially retained the law firm of Ferraro & Zugibe but terminated their services after approximately two years. Wallace thereafter retained the law office of Jeffrey M. Adams, P. C., the respondent's son, in or about March 1992, with regard to her personal injury claim.

On or about July 8, 1992, Wallace retained the respondent and provided him with a check in the amount of $275 for court fees. On or about July 13, 1992, the respondent filed a summons and verified complaint in the office of the Rockland County Clerk in an action entitled "Phyllis Wallace, plaintiff, against M. Arnelle Mathelier, Arnelle Mathelier and Mark G. Mathelier, defendants." The documents are dated July 10, 1992. Annexed to the complaint is the verification on which Wallace's purported signature appears and which signature is notarized by the respondent. The respondent, however, failed to review the contents of the complaint with Wallace. Further, the first time Wallace saw the complaint and verification was when she later obtained a copy of her papers from the Rockland County Clerk's office. Wallace never executed the verification nor did she ever authorize anyone to sign her name on that document.

Charge Two alleged that by the conduct set out in Charge One, the respondent was guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleged that the respondent was guilty of engaging in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). Section 691.20 of the Rules Governing the Conduct of Attorneys of the Appellate Division, Second Judicial Department (22 NYCRR 691.20), states that every attorney who enters into a retainer agreement regarding an action to recover damages for personal injury whereby his compensation is to be contingent on the outcome, shall file a written retainer statement with the Office of Court Administration within 30 days from the date of the retainer. The respondent failed to file a retainer statement with the Office of Court Administration as required regarding the Wallace matter.

Upon a review of the evidence, we find that the Special Referee properly sustained Charges One and Three. We further find that the respondent is guilty of Charge Two. The petitioner's motion should be granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's prior disbarment and subsequent reinstatement to the practice of law (see, Matter of Adams, 38 AD2d 853). Accordingly, it is the judgment of this Court that the respondent be suspended from the practice of law for a period of three years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Eugene J. Adams, is suspended from the practice of law for a period of three years, commencing September 19, 1996, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and

resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Eugene J. Adams, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.